## STATE v. DIFFIE STALEY.

### (Filed 15 December, 1954.)

APPEAL by defendant from *Clarkson, J.,* May Term, 1954, of GUILFORD (High Point Division).

This is a criminal prosecution tried upon a bill of indictment charging the defendant with an assault with intent to commit rape.

The prosecuting witness, a niece of the defendant who was born on 13 January, 1942, testified that the defendant had sexual intercourse with her in October 1953; that she didn't mind having such relations with him; that she had done so before on other occasions and that she had had such relations with her grandfather before she had them with the defendant. Her evidence as to what occurred on the occasion complained of was corroborated by two of her brothers, one aged seven and the other thirteen. The seven-year-old brother testified: "We all got mad with Uncle Diffie." However, it is not clear from the evidence whether they got mad with him on account of his treatment of the prosecutrix or because of something else.

The defendant testified in his own behalf and vigorously denied that he had ever had sexual intercourse with the prosecuting witness. The grandfather likewise testified that he had never had any such relations with his grandchild; that his grandchildren came to his home and he treated them like members of the family; that this is the first time in his life he has had any accusation made against him; that he and his wife have lived together for nearly fifty years, and that he had too much respect for himself and his Heavenly Father to have any such relations with one of his grandchildren; that he was the father of the defendant. Five witnesses testified that both the defendant and his father were men of good character.

The jury returned a verdict of guilty. The court imposed a sentence of not less than five nor more than seven years in the State's Prison. The defendant appeals, assigning error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and William P. Mayo, Member of Staff, for the State.*

*Seawell & Wilson for defendant.*

PER CURIAM. We have carefully examined the defendant's assignments of error, particularly with respect to those directed to the charge of the court. But when the charge is considered contextually, as it must be, we are unable to find any prejudicial error. We do feel, however, that

the evidence disclosed on this record is of such a nature as to warrant an immediate and thorough investigation of the case by the Board of Paroles.
No error.